UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN WILLIAMS,** | ) | **CASE NO.  1:09 CV 1310** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **CITY OF CLEVELAND,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court is Defendant City of Cleveland's Motion to Dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) (***ECF No. 3***) and Plaintiff's Motion for Leave to Amend Complaint (***ECF No. 6***).  For the following reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Leave to Amend Complaint is **DENIED** .

**I.  FACTS**

For purposes of this motion to dismiss, the facts as alleged by Plaintiff's complaint are accepted as true.  Plaintiff Kevin Williams ("Plaintiff") was arrested by an unidentified police officer ("Arresting Doe") on October 5, 2007, in connection with a September 13, 2007 robbery and shooting of Defendant Eddie Brent at Double Exposure Deli, owned and managed by Defendants New Gold, Inc., Charlie Kirkman, and Jeff Kirkman. *ECF No. 1-4* at ¶¶ 1-9.  On the date and time of the shooting, Plaintiff was working as a janitor at Regal Cinemas in Mayfield Heights, Ohio. *Id.* at ¶ 10.  Despite videotape evidence demonstrating that Plaintiff was at Regal Cinemas at the time of the alleged crime, Defendants City of Cleveland ("the City"), Detective Arthur Echols, and Arresting Doe kept Plaintiff imprisoned and continued prosecuting him for eight months. *Id.* at ¶¶ 11-14.  On May 12, 2008,

prior to trial, all charges were dismissed against Plaintiff based on the videotape and other evidence. *Id*. at ¶ 15.

Plaintiff filed the instant matter in the Cuyahoga County Court of Common Pleas against the City, Arresting Doe, Arthur Echols, New Gold, Inc., Charlie Kirkman, Jeff Kirkman, Eddie Brent, and an unnamed government agency. *ECF No. 1-4*. Plaintiff brings seven causes of action: false arrest (Count I); false imprisonment (Count II); malicious prosecution (Count III); intentional infliction of emotional distress (Count IV); 42 U.S.C. § 1983 civil rights violation (Count V); negligence (Count VI); and negligent retention (Count VII).

On June 8, 2009, the City removed the action to this Court. *ECF No. 1*. The City filed the pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on June 15, 2009. *ECF No. 3*. Plaintiff filed an opposition brief and a motion for leave to amend his complaint. *ECF Nos. 5, 6*. The City has submitted its reply brief and has opposed Plaintiff's motion for leave to amend. *ECF No. 7*.

## II. ANALYSIS

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). The Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (*citing Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted)). Dismissal is appropriate if the plaintiff has failed to state a claim upon which relief can be granted. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 08-7367, 2009 WL 1884445 at *1 (6th Cir. July 2, 2009).

### *A. State Law Claims*

Counts I-IV, VI, and VII of Plaintiff's complaint are brought under Ohio law. The City has moved to dismiss each of these counts pursuant to the defense of political subdivision immunity. The City also argues that Counts I and II should be dismissed on statute of limitations grounds and that Counts I, II, and III should be dismissed because the complaint alleges facts sufficient to support a finding of probable cause.

Under Ohio law, " a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Revised Code §2744.02(A)(1). A political subdivision is defined as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." O.R.C. §2744.01(F). Governmental functions include "[t]he provision or nonprovision of police ... services or protection" and "prosecutorial ... functions." O.R.C. §2744.01(C)(2)(a); O.R.C. §2744.01(C)(2)(f). However, immunity for governmental functions is defeated in the following situations: 1) negligent operation of a vehicle while responding to an emergency; 2) negligent performance of proprietary acts; 3) negligent failure to keep roads in repair or free of obstruction; 4) negligently caused injury or loss occurring due to physical defects on government property; and 5) any other situation in which liability is expressly imposed by the Revised Code. O.R.C. §§2744.02(B)(1) - (5).

The City argues that because the acts serving as the basis for liability in this action - the arresting, detaining, and continued prosecution of Plaintiff - are governmental functions that do not fall within one of the exceptions, it is entitled to immunity from

prosecution.  Plaintiff does not necessarily contest the City's application of the immunity statute, but instead argues that the principle of sovereign immunity is unconstitutional under Ohio law because it violates the right to a trial by jury and the right to a remedy.

As primary support for this assertion, Plaintiff relies on the Supreme Court of Ohio case of *Butler v. Jordan*, 750 N.E.2d 554 (Ohio 2001).  In *Jordan*, the parent of a minor child who suffered fatal injuries in a day-care center brought suit against the Cuyahoga County Department of Human Services, among others, for certifying the center.  The *Jordan* court ultimately held that, because of sovereign immunity, the government agency was immune from liability for failure to inspect the center or negligent certification.  *Id*. at 559.  However, though the issue was not before the court because the plaintiff had not properly raised it, the plurality opinion, in dicta, comprehensively discussed the history of sovereign immunity in Ohio.  The conclusion reached by the plurality was that "'sovereign immunity' never was nor should it ever have been a viable legal doctrine according to which government can injure its citizens with immunity when the same injury is redressable if caused by one of the government's citizens." *Id*. at 571.

Plaintiff points to *Jordan* as evidence that were the Supreme Court of Ohio properly presented with the issue, it would strike down Ohio's sovereign immunity statute, O.R.C. §2744.  *ECF No. 5* at 5.  As further support that O.R.C. §2744 violates the right to a trial by jury and the right to a remedy, Plaintiff points to *Kammeyer v. City of Sharonville*, 311 F.Supp.2d 653 (S.D. Ohio 2003).  In finding "that the Ohio Supreme Court has provided more than adequate direction for the Court to conclude that the invocation of sovereign immunity by the City and the individual Defendants violates the Plaintiff's rights to trial by jury and to

remedy under the Ohio Constitution," the *Kammeyer* court refused to dismiss claims of

conspiracy, spoliation of evidence, and intentional infliction of emotional distress holding that

O.R.C. §2744 "violates Section 5, Article I and Section 16, Article I of the Ohio Constitution."

*Id*. at 662.  Thus, Plaintiff argues that *Jordan* and *Kammeyer* establish that O.R.C. §2744 is

unconstitutional under Ohio law.

While Plaintiff has raised a compelling argument, the Court cannot find that

O.R.C. §2744 is unconstitutional under Ohio law.  Rather, the Sixth Circuit's ruling in *Ellis v.*

*Cleveland Municipal School Dist.*, 455 F.3d 690 (6th Cir. 2006), must be followed.  In *Ellis*, a

child allegedly corporally punished by a substitute teacher brought a state court suit against the

Cleveland Municipal School District, including a declaratory judgment claim that O.R.C. §2744

is unconstitutional under Ohio law.  The case was removed and heard by Judge Wells of this

Court.  Ruling in favor of the School District, Judge Wells held that despite the dicta in *Butler*,

there was no entitlement to a declaratory judgment that O.R.C. §2744 is unconstitutional because

the statute had been unanimously found to be constitutional by intermediate courts.  *Id*. at 696.

Finding that the *Jordan* "plurality dicta does not represent the view of the majority of the

Supreme Court of Ohio and was not even applied by the plurality in that case, and thus it cannot

be said to represent Ohio law," the Sixth Circuit affirmed Judge Wells' decision "because the

Supreme Court of Ohio has never held the statute unconstitutional and because Ohio's

intermediate courts are unanimous in upholding the statute."  *Id*. at 697-98.  Moreover, while the

Sixth Circuit acknowledged that *Kammeyer* and other decisions by the Southern District of Ohio

relying on *Butler* had found O.R.C. §2744 unconstitutional, it noted that later decisions from the

same district rejected that position.  *Id*. at 698 n.3.

As *Ellis* makes clear, the Supreme Court of Ohio has never found O.R.C. §2744 to be unconstitutional.  Given that all of the Ohio Courts of Appeals that have considered this issue have unanimously found O.R.C §2744 to be constitutional and that the intermediate court's decision should be followed if "the only precedent is from the state's intermediate appellate courts" and there is not a "strong showing that the state supreme court would act in a different manner," *Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 433 (6th Cir. 2004), the Court rejects Plaintiff's argument that sovereign immunity is unconstitutional.  Accordingly, as the City has established that governmental functions are the basis of this lawsuit and that Plaintiff does not qualify for any exceptions to sovereign immunity, O.R.C. §2744 applies to Plaintiff's state court claims.  Because the City is entitled to the defense of sovereign immunity, Plaintiff has failed to state a claim under Ohio law.  The City is therefore dismissed from Counts I-IV, VI, and VII.

Plaintiff attempts to argue that even if municipal immunity is not unconstitutional, Count III for malicious prosecution should not be dismissed.  According to Plaintiff, under Ohio law, sovereign immunity does not protect a municipality from a claim of malicious prosecution. *ECF No. 8* at 8.  In support, Plaintiff relies on *Logsdon v. Haines*, 492 F.3d 334 (6th Cir. 2007) and *Lentz v. City of Cleveland*, 410 F.Supp. 2d 673 (N.D. Ohio 2006), two federal cases decided in part under Ohio law.  However, neither of these cases supports Plaintiff's position.  *Logsdon* only involved individual defendants; the municipality was not involved in the appeal.  *Logsdon*, 492 F.3d at 337.  And in *Lentz*, the Court specifically found that the municipality was immune from malicious prosecution claims because the conduct in question involved exercise of prosecutorial functions.  *Lentz*, 410 F.Supp. 2d at 697.  Thus, sovereign immunity applies to the malicious prosecution claim, as well.

Because consideration of the sovereign immunity issue is sufficient to determine that Plaintiff has failed to state a claim under Ohio law, the Court need not reach the issues of whether Counts I and II were filed after expiration of the statute of limitations or Counts I, II, and III allege facts sufficient to support a finding of probable cause.

### B.  Federal Law Claim

Count V, Plaintiff's lone federal cause of action, arises under 42 U.S.C. § 1983. Plaintiff's complaint asserts that Defendants Echols, Arresting Officer Doe and the City "all acted under color of state law" and "deprived Plaintiff ... of rights, privileges or immunities secured by the Constitution or laws of the United States." *ECF No. 1-4* at ¶¶ 48-49.

After the City filed its motion to dismiss, Plaintiff moved the Court for leave to amend Count V of the complaint to add the following allegation: "Defendants Arthur Echols, Arresting Doe, and City of Cleveland were acting under a policy or custom in place to ignore exculpatory evidence and continue on with prosecutions." *ECF No. 6*; *ECF No. 6-2* at ¶ 49.  The City opposed Plaintiff's motion, arguing that granting leave to amend would be futile because the amended complaint still fails to state a claim for which relief can be granted. *ECF No. 7*. Before determining whether Plaintiff's motion for leave to amend should be granted, the Court will consider whether the amended complaint sufficiently states a claim under federal law.

A municipality can only be held liable under §1983 if the complaint alleges that Plaintiff's injury directly resulted from the municipality's policies or customs. *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008) *citing Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978).  Under the heightened pleading standard articulated by the Supreme Court of the United States in recent decisions, Plaintiff's amended complaint does not

sufficiently state a §1983 claim.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Plaintiff's amended complaint recites the critical element of a §1983 claim against a municipality - a policy or custom - but does so in a conclusory manner.  Plaintiff makes no factual allegations that can support the conclusion that the City has a policy or custom of ignoring exculpatory evidence and continuing with prosecutions.  To merely state that the City has a policy or custom is not enough; Plaintiff must allege facts, which if true, demonstrate the City's policy, such as examples of past situations where law enforcement officials have been instructed to ignore evidence.  Here, while Plaintiff has alleged facts sufficient to demonstrate that exculpatory evidence was ignored in his case, he has not alleged facts from which it can be inferred that this conduct is recurring or that what happened in his case was due to City policy.  Accordingly, the amended complaint would not state a claim cognizable under federal law.  Thus, Plaintiff's motion for leave to amend the complaint is denied as futile and Count V of Plaintiff's complaint against the City is dismissed.

## III.  CONCLUSION

For the reasons discussed, *supra*, Defendant City of Cleveland's Motion to Dismiss Plaintiff's Complaint (*ECF No. 3*) is **GRANTED** and Plaintiff's Motion for Leave to Amend Complaint *(ECF No. 6)* is **DENIED**.  Defendant City of Cleveland is hereby **DISMISSED** from the instant action.

IT IS SO ORDERED.

*/s/Dan Aaron Polster     July 16, 2009*
**Dan Aaron Polster**
**United States District Judge**