**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN WILLIAMS,** | ) | **CASE NO. 1:09 CV 1310** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **CITY OF CLEVELAND,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On July 16, 2009, the Court issued an order requiring Plaintiff to show cause why Count V of his complaint, §1983 Civil Rights Violation, should not be dismissed and the instant matter remanded to the Cuyahoga County Court of Common Pleas. *ECF No. 9*. The basis for the Court's show cause order was that the Court did not believe Plaintiff had sufficiently alleged a §1983 violation against Defendants Arthur Echols and John Doe Arresting Officer. Plaintiff has submitted a brief and an amended complaint in response to the Court's order. *ECF Nos. 10, 11*.

Plaintiff's amended complaint contains the following relevant allegations: "Defendants Arthur Echols and Arresting Doe were overtly suggestive in their actions preceding, during, and immediately following the arrest of Plaintiff"; "Defendants Arthur Echols and Arresting Doe made strong inclinations to witnesses that Plaintiff was indeed the suspect they

were searching for"; and "[t]hese suggestions were made in violation of Plaintiff's Constitutional rights." *ECF No. 11* at ¶¶ 49-51.  As further explained in his brief, the officers' "suggestive actions led witnesses and others to believe in fact that Plaintiff was the man accused of committing certain crimes, when in fact, without these suggestions, the evidence would have been strong that it was not in fact Mr. Williams." *ECF No. 10* at 1.

Plaintiff's amended complaint still fails to state a claim under §1983 upon which relief can be granted.  As noted in the Court's show cause order, Plaintiff was arrested over three weeks after the incident serving as the basis for his arrest.  Accordingly, a lawful arrest would most likely have required issuance of a warrant by a judicial officer based upon a finding of probable cause.  In order to state a constitutional violation against Defendants regarding Defendants' role in the arrest and prosecution of Plaintiff, the complaint must allege either that: 1) Defendants failed to obtain an arrest warrant; 2) Defendants' misconduct led to the issuance of a warrant where probable cause did not exist; or 3) Defendants' misconduct led the prosecutor to continue moving forward with the case when he otherwise would not have.  Plaintiff's allegations appear to be unsuccessfully aimed at the latter two scenarios.  Examples of misconduct that would lead to the issuance of a warrant where probable cause did not exist or to Plaintiff's continued wrongful prosecution include coercing witnesses, destroying or failing to reveal exculpatory evidence, or lying to the judicial officer issuing the warrant.  However, Plaintiff's only relevant allegations are that Defendants were "overtly suggestive" and made "strong inclinations to witnesses," which, even if true, do not amount to a constitutional violation.

Moreover, by stating that "[w]hen this case is able to move into the Discovery

phase, the exact roles of these two officers will become much clearer," Plaintiff tacitly admits that his complaint does not sufficiently allege Defendants' specific constitutional violation.

Upon being provided the opportunity to clarify and amend his complaint, Plaintiff has still failed to state a §1983 claim against Defendants. Accordingly, Plaintiff's cause of action under 42 U.S.C. §1983 is **DISMISSED**. As Plaintiff's remaining claims are brought under state law,[1] the instant matter is hereby **REMANDED** to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     July 27, 2009*
**Dan Aaron Polster**
**United States District Judge**

---

[1] By Memorandum Opinion and Order dated July 16, 2009, the Court previously dismissed all claims, including a §1983 claim, against the City of Cleveland. *ECF No. 8*.